IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF FLORIDA

ENTRY OF APPEARANCE PRO-SE

ROBENSON PIERRE, ON BEHALF OF HIMSELF ) Case No.: 0:16-CV-61344-WJZ
AND ALL OTHER SIMILARLY SITUATED, )
)
)
        Plaintiff(s), )
)
vs. )
)
KING INTELLIGENCE AND SECURITY )
SERVICE INC., A FLORIDA CORPORATION )
AND KAOLA KING AND LARRY WEEMS )
INDIVIDUALS, )
)
)
        Defendants. )
_____)

FILED BY _____ D.C.

AUG 29 2016

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.

**DEFENDANT'S RESPONSE TO THIS HONORABLE COURT'S ENTERING DEFAULT AND AT SAME TIME DEFENDANT'S REPLY TO PLAINTIFF(S) JOINT MOTION FOR APPROVAL OF SETTLEMENT AND FOR DISSMISSAL OF THIS ACTION**

   **NOW COMES,** the Defendants, king Intelligence and Security Service, Inc., Kaola King and Larry Weems (collectively "Defendants" or the "Parties" hereinafter referred in this Motion as Defendants); who

[Pleading Title] - 1

are pro-se Defendants, who finds it extremely necessary to invoke Haines v. Kerner, 404 U.S. 519, 520 (1970), as these Defendants acts on their own behalf before this Honorable Court, who hereby requests this Honorable Court to construe this Motion herein liberally in the interest of justice, as the Defendants requests this Honorable Court for Dismissal of this cause of action, pursuant to 28 U.S.C. Section 216(b)(c), as the Secretary of Labor has supervised a payment of $1200 of unpaid wages compensation owing to Plaintiff Robenson Pierre, under Section 206 or Section 207 of this Title, which was agreed on by the "DEFENDANTS" to be paid to Plaintiff Mr. Pierre. In support of said request for this Court to set aside the "De-Fault" and this cause of action and for Dismissal of this cause of action, Defendants states as follows:

1. Procedural History and Background of the Case:

On or about March 12, 2016, the Plaintiff Robenson Pierre contacted Defendant Larry Weems and informed Mr. Weems that Kings Intelligence and Security Service owes him $1000 for back pay he did not receive, and Mr. Weems and Ms. King agreed to pay Mr. Pierre his back wages of $1000. Thereafter, Mr. Weems asserts that he tried to contact Mr. Pierre to settle this Matter with no success. However, Defendants were contacted by the U.S. Department of Labor (Employment Standard Administration Wage and Hour Division), who informed the Defendants that their office was doing a investigation as to back wages owe to Mr. Pierre.

On or about March 30, 2016, Investigator Javier Beltran under the Fair Labor Standard Act (FLSA) started his investigation and on May 11, 2016, Defendant Ms. King received a letter from Javier Beltran which in-

cated that his investigation disclosed violations of the monetary provision of the (FLSA) as to Mr. Pierre and the amount of an unpaid balance of $994.50 for back wages, ["See attached Exhibit "A"]. Ms. King thereafter, Forwarded a check to the U.S. Department of Labor for $994.50, in which she later found out was not accepted by Mr. Pierre. Shortly after that Javier Beltran contacted Ms. King for a hearing which was attended by attorney David H. Lichter, whereas, Javier Beltran revalued his assessment of what was owe to Mr. Pierre and determine that he made an error and that Defendants owe Mr. Pierre $1200 and some change exact amount unknown as of this date, as Defendants has not been able to reach Mr. Beltran. Defendants has informed the U.S. Department of Labor that they are willing to pay Mr. Pierre the $1200 dollar.

However, after this determination was made by Mr. Beltran, Defendants Was contacted by Attorney David H. Lichter on June 21, 2016 with a Complaint Filed in the United States District Court in the Southern District of Florida against Defendants alleging violations of the Fair Labor Standard Act ("FLSA"). On or about July 7, 2016, Plaintiff filed his Statement of Claim pursuant to this Court's Order dated June 22, 2016 (DE 7). Defendants asserts that they did not Reply to Plaintiff Motion as they were in the process of, taking care of this matter with the U.S. Department of Labor which has made a determination that defendants owe Mr. Pierre a little over $1200.

On August of 2016, Attorney David H. Lichter filed Motion for Joint Approval of Settlement and for Dismissal of this action, and Thereafter, Ms. King contacted Attorney Lichter and made a counter offer to him for a Settlement of $2400, which attorney Lichter did not accept.

On August 22, 2016, Defendants received an Order of Entering Default. The Defendants now files this Response Motion.

**Legal Principles**:

Defendants asserts that Default judgments constitutes an admission of liability, but not of damages and accordingly a Court may set aside default "for good cause". Fed.R.Civ.P. 55(c).

Default judgment is "the most severe sanction which the Court may apply". Its main purposes are to enforce deadlines and to prevent dilatory defendants for inhibiting the speedy disposition of claims. In determining whether default judgment is appropriate, courts balance a variety of factors including: (1) the extent of the party's personal responsibility, (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery, (3) a history of dilatoriness, (4) whether the conduct of the party or the attorney was willful or in bad faith, (5) the effectiveness of sanctions, and (6) whether the claim or defense is meritorious. See <u>Poulis v. State Farm Fire & Cas. Co.</u>, 747 F.2d 863, 868 (3rd Cir. 1984). Due to the harshness with which the rule operates Defendants have an interest in the certainty of the rules interpretation and application.

**Arguments and Facts of the Case**:

Defendants primary arguments is that they were given a determination as to the amount they owe to Mr. Pierre ($1200 plus), in overtime compen-

sation, which defendants are willing to pay to avoid the costs and uncertainty of ligation, the defendant has compromised and accepted the the determination of back wages owes to Mr. Pierre by the U.S. Labor Department in this matter.

Defendants asserts that Mr. Pierre recovery in this case is to be paid all of his alleged back wages which has been determined by the U.S. Department of Labor Investigating Agent Javier Beltran to be a total amount of $1200 plus, the exact amount unknown at this time owe to Mr. Pierre. As Defendants hasn't been unable to contact Mr. Beltran. However, once Defendants contact Mr. Beltran, they will submit a check to the U.S. Department Labor with the remaining balance, over the $994.50 already submitted.

It is the Defendant's contention that in light of the U.S. Department of Labor (FLSA) determination of $1200 plus, is a "Fair and Reasonable Settlement" and should be approved by this Honorable Court as final payment. Defendant asserts that Mr. Beltran investigation did not discover any wrong doing such as fraud or collusion on the part of the Defendants. The U.S. Department of Labor Agent Mr. Beltran investigation determined that Mr. Pierre recovery of unpaid wages of $1200 plus, apart from Defendants assessments of unpaid wages owed to Mr. Pierre.

For the reasons stated in the U.S. Department of Labor's determination of back wages owed to Mr. Pierre, that is $1200 plus, the Defendants in this cause of action, moves this Honorable Court for approval of them paying Mr. Pierre his unpaid back wages of $1200 plus, as determine by Mr. Beltran, and enter an Order for Dismissal of this action with prejudice.

WHEREFORE, Defendants respectfully submit that the determination of back wages owe to Mr. Pierre, is fair, reasonable and equitable, based upon the investigation and findings of the U.S. Department of Labor, and Accordingly, this Honorable Court should give an Order setting aside the Default Judgment and give an Order for the Defendants to pay the remaining Balance owe to Mr. Pierre to the U.S. Department of Labor (FLSA), or in The alternate Defendants "prays" that this Honorable Court will hold a "Evidentiary Hearing" to determine the true facts of this matter, in the Interest of justice.

Dated this **29** Day of August, 2016.

Respectfully submitted

By: *Kaola King*
Kaola King, Pro-se
King Intelligence and
Security Service, Inc.,
3801 Envision Blvd. #312
Lauderhill, Fl. 33319

By: *Larry Weems*
Larry Weems, Pro-se
2880 W. Oakland Park Blvd.
Suite 211
Oakland Park, FL. 33311

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY, that a true and correct copy of the foregoing Defen-Dants motion was mailed by first class mail with prepaid postage, on this _29_ day of August, 2016, and sent to the following person:

David H. Lichter, Esq.
Attorney at Law
2999 NE 191st Street, Suite 330
Aventura, FL 33180


By: _____*Kaola King*_____
King Intelligence and Security Service, Inc.
c/o Kaola King, Pro-se
3801 Environ Boulevard, #312
Lauderhill, Florida 3319

Exhibit A



**U.S. Department of Labor**   Employment Standards Administration
Wage and Hour Division
299 E. Broward Boulevard Room 408
Ft. Lauderdale, Florida 33301
(954) 356-5252 (phone/fax)

May 11, 2016

Attn: President Kaola King
DBA King Intelligence and Security Services, Inc
545 N Andrews Ave #208
Fort Lauderdale, FL 3331

Re: King Intelligence and Security Services, Inc./ File No. 2016-249-00283 / CID No. 1787225

Subject: Fair Labor Standards Act – Overtime violations

Dear Ms. King,

The recent investigation of your firm conducted by Investigator Javier Beltran under the Fair Labor Standards Act (FLSA) covered the period 04/01/2013 to 03/31/2015. The investigation disclosed that your employees are subject to the requirements of the FLSA.

The investigation disclosed violations of the monetary provisions of the FLSA as indicates below:

> Section 7 – failure to pay the required statutory overtime pay for hours worked in excess of 40 hours per work-week.

These violations resulted in underpayments totaling $37,739.00 in back wages due to 52 employees. As agreed, proof of payment of the back wages is to be sent to the above address.

Investigator Beltran has advised me that you have agreed to comply fully with all the provisions of the Fair Labor Standards Act in the future and that you have agreed to pay the above described back wages in full by May 20, 2016.

Investigator Beltran has further advised me that in response to these violations you and/or your firm have agreed to take the following action(s):

Ensure the accurate recording of all hours worked as required by the FLSA;
Ensure that all non-exempt employees are paid not less than the minimum wage for all hours worked;
Ensure that all non-exempt employees are paid time and one half their regular rate of pay for all hours worked in excess of 40 in the work-week; and,
Ensure compliance with all other applicable statutes and regulations.

Legal requirements established by Florida state law are separate and in certain cases are more stringent than those established by federal law, and compliance with the Fair Labor Standards Act does not necessarily establish compliance with Florida state law, etc.

As stipulated in the agreement, any defaulted balance shall be subject to the assessment of interest and penalty interest at rates determined by the U.S. Treasury as required by the Debt Collection Improvement Act of 1996 (Public Law 104-134) published by the Secretary of the Treasury in the Federal Register and other delinquent charges and administrative costs shall also be assessed. In the event of default, the Department intends to pursue additional collection action that may include, but is not limited to, administrative offset, referral of the account to credit reporting agencies, private collection agencies, and/or the Department of Justice.

We would like to direct your attention to section 16(e) of the FLSA and Regulation Part 578. As you will note, Section 16(e) provides for the assessment of a civil money penalty for any repeated or willful violations of Section 6 or 7, in an amount not to exceed $1,100 for each such violation. Enclosed for your reference are copies of the Handy Reference Guide and FLSA Regulations 578 and 580.

If you have any questions about the investigation or about any aspect of the FLSA, please do not hesitate to contact Investigator Beltran or me.

Sincerely,

Nury Vergara
Assistant District Director

Enclosure: HRG / Regulation 578 and 580

## Summary of Unpaid Wages

**U.S. Department of Labor**
Wage and Hour Division



| Office Address: | Ft. Lauderdale FL Area Office<br>US Dept. of Labor, ESA, Wage & Hour Divi<br>Federal Building, Room 408<br>299 East Broward Blvd.<br>Ft. Lauderdale, FL 33301-1976<br>954-356-6896 | Investigator:<br>Javier Beltran | | Date:<br>04/20/2016 |
|---|---|---|---|---|
| | | Employer Fed Tax ID Number: | 26-1856662 | |

| 1. Name | 2. Address | 3. Period Covered by Work Week Ending Dates | 4. Act(s) | 5. BWs Due | Total |
|---|---|---|---|---|---|
| Noel, Jimmy | 1201 SW 52nd Ave, Apt 201<br>Pompano Beach, FL 33068 | 03/27/2015<br>to<br>05/29/2015 | FLSA | $903.42 | $903.42 |
| | | | | $903.42 | $903.42 |
| Okesola, Kolawole | 26760 SW 142nd Ave, 202<br>Homestead, FL 33032 | 08/01/2014<br>to<br>08/22/2014 | FLSA | $287.50 | $287.50 |
| | | | | $287.50 | $287.50 |
| Palmer, Howard | 1620 NW 46th Ave, Apt. R 50<br>Fort Lauderdale, FL 33313 | 01/30/2015<br>to<br>11/13/2015 | FLSA | $1,506.38 | $1,506.38 |
| | | | | $1,506.38 | $1,506.38 |
| Perez, Gonzalez | 931 Locust Ave.<br>Orlando, FL 32809 | 12/19/2014<br>to<br>05/29/2015 | FLSA | $225.75 | $225.75 |
| | | | | $225.75 | $225.75 |
| Pierre, Robenson | 16849 NW14th Ave.<br>Miami, FL 33169 | 07/31/2015<br>to<br>02/05/2016 | FLSA | $994.50 | $994.50 |
| | | | | $994.50 | $994.50 |
| Ramirez, Ricardo | 27681 SW 139th Place<br>Homestead, FL 33032 | 03/13/2015<br>to<br>03/18/2016 | FLSA | $3,396.25 | $3,396.25 |
| | | | | $3,396.25 | $3,396.25 |

| I agree to pay the listed employees the amount due shown above by 05/20/2016<br><br>Signed: _____<br><br>Date: _____ | Employer Name and Address:<br>King Intelligence & Security Service<br>King Intelligence & Security Services, Inc.<br>2880 W. Oakland Park Blvd, Suite 211<br>Oakland Park FL 33311 | Subtotal: | $7,313.80 | $7,313.80 |
|---|---|---|---|---|

Form WH-56

Date: 04/20/2016 2:30:08 PM        Case ID: 1787225        Page 7

**U.S. Department of Labor**
**Wage and Hour Division**
**Receipt for Payment of Back Wages, Liquidated Damages,**
**Employment Benefits, or Other Compensation**



I, _____**Pierre, Robenson**_____, have received payment of wages, liquidated damages, employment
(typed or printed name of employee)
benefits, or other compensation due to me from _____**King Intelligence & Security Services, Inc.**_____
(name and location of the establishment)
_____**2880 W. Oakland Park Blvd, Suite 211 Oakland Park FL 33311**_____

for the period beginning with the workweek ending _____**07/31/2015**_____ through the
workweek ending _____**02/05/2016**_____. The amount of the payment I received is shown below.

This payment of wages and other compensation was calculated or approved by the U.S. Department of Labor Wage and Hour Division (WHD) and is based on the findings of a WHD investigation. This payment is required by the Act(s) indicated below in the marked box(es):

[✓] Fair Labor Standards Act ( FLSA )

Gross Amount Back Wages _____**$994.50**_____   Gross Amount Liquidated Damages _____**$0.00**_____
Legal Deductions from Back Wages _____   Other Amount Paid _____
Net Amount Received _____                                                      (please specify type)

NOTICE TO EMPLOYEE: Your acceptance of this payment of wages and/or other compensation due under the Fair Labor Standards Act (FLSA) or Family Medical Leave Act (FMLA), based on the findings of the WHD means that you have given up the right you have to bring suit on your own behalf for the payment of such unpaid minimum wages or unpaid overtime compensation for the period of time indicated above and an equal amount in liquidated damages, plus attorney's fees and court costs under Section 16(b) of the FLSA or Section 107 of the FMLA. Generally, a suit for unpaid wages or other compensation, including liquidated damages, must be filed within two years of a violation of the FLSA or FMLA. Do not sign this receipt unless you have actually received this payment in the amount indicated above.

RETALIATION AND KICKBACKS PROHIBITED: Your employer is prohibited from retaliating against you for accepting payment of wages you are owed or from requiring you to return or decline payment of the wages owed to you. Your employer is also prohibited from retaliating against any person who files a complaint with the Wage and Hour Division (WHD) or cooperates with a WHD investigation. Your employer is also prohibited from interfering with, restraining, or denying the exercise of Family Medical Leave Act (FMLA) rights. You should contact the WHD immediately if your employer takes any of these actions or fails to comply with the law in the future. Your identity will be kept confidential to the maximum extent possible under existing law. You may contact the WHD by calling 1-866-487-9243 or 305-598-6607 .

Signature of employee _____ Date _____
Address _____

I understand that my signature on this receipt and waiver attests to the fact that I have actually received the payment in the amount indicated above of the wages, liquidated damages, or other compensation due to me; and that I waive my right to bring suit as described above, and covering the period set forth above.

**EMPLOYER'S CERTIFICATION TO WAGE AND HOUR DIVISION OF THE DEPARTMENT OF LABOR:**
I hereby certify that I have on this (Date) _____**05/16/16**_____ paid the above-named employee in full covering lost or denied wages, liquidated damages, or other compensation as stated above. I further certify that I have not and will not retaliate against the above-named employee for accepting this payment and I have not and will not ask the employee to return all or part of this payment to me.
Signature _____*Kaalo Ku*_____   Title _____**PRESIDENT**_____
(employer or authorized representative)

PENALTIES INCLUDING FINES OR IMPRISONMENT ARE PRESCRIBED FOR A FALSE
STATEMENT OR MISREPRESENTATION UNDER U.S. CODE, TITLE 18, SEC. 1001

Date:04/20/2016 2:32:01 PM          Case ID:  1787225          Form WH-58 (Rev. May 2013)
                                                                Page 1

RP00024

KING INTELLIGENCE AND SECURITY SER
2880 W OAKLAND PARK BLVD, 211
OAKLAND PARK, FL 33311
954-530-2600

2986
63-27/631 FL
24115

Bank of America
ACH R/T 063100277

05/16/2016

PAY TO THE ORDER OF __ ROBENSON PIERRE __ | $ **994.50

Nine hundred ninety-four and 50/100**************************************** DOLLARS

ROBENSON PIERRE

MEMO Overtime Payment

AUTHORIZED SIGNATURE

⑈00 2986⑈ ⑆063100277⑆ 2290375468 13⑈

---

KING INTELLIGENCE AND SECURITY SER  ROBENSON PIERRE              2986

05/16/2016           Overtime Payment                              994.50

                     Overtime Payment

Checking                                                           994.50

RP00023