UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

ROBENSON PIERRE, on behalf of
himself and all others similarly situated,

Case No. 0:16-CV-61344-WJZ

    Plaintiff(s),

v.

KING INTELLIGENCE AND SECURITY
SERVICES, INC., a Florida corporation,
and KAOLA KING and LARRY WEEMS,
individuals,

    Defendants.
_____/

## PLAINTIFF'S MOTION FOR FINAL JUDGEMENT BY DEFAULT

Pursuant to Federal Rule of Civil Procedure 55, Plaintiff Robenson Pierre ("Plaintiff"), moves this Court for entry of Final Judgment by Default against Defendants King Intelligence and Security Services ("KISSI"), Inc., Kaola King ("King"), and Larry Weems ("Weems") (collectively "Defendants"). In support thereof, Plaintiff submits the following:

Plaintiff filed this civil action on June 21, 2016. On August 22, 2016, this Court issued an Order finding Defendants failed to file Answers or responsive pleadings within the applicable deadlines and entered a default against Defendants. This Court directed Plaintiff to file a Motion for Final Judgment by Default by noon on August 30, 2016. [D.E.12].

### REQUEST FOR ENTRY OF FINAL JUDGMENT BY DEFAULT

Plaintiff respectfully requests that the Court enter Defendant's default as allowed under Fed. R. Civ. P. 55. Plaintiff is filing with this motion an Order on Entry of Default in addition to a proposed Default Judgment.

**PLAINTIFF'S DAMAGES**

*Unpaid Overtime Compensation*

Plaintiff claims overtime compensation as allowed under the FLSA, a statute that establishes a comprehensive federal regulatory scheme providing employees, in pertinent part, with overtime protections.

In relevant part, the FLSA requires covered employers to pay each covered employee time and a half the employee's regular rate of pay for hours worked in excess of 40 hours per workweek. 29 U.S.C. § 207.  Specifically, pursuant to the FLSA, no employer shall employ any of its employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his or her employment in excess of the hours above specified at a rate not less than one-half times the regular rate at which he or she is employed. 29 U.S.C. § 207(a)(1).

In support of Plaintiff's claim for damages, Plaintiff attaches the Declaration of Robenson Pierre ("Declaration"). [EX. A]. That Declaration provides the following facts:

  a. Plaintiff was employed by Defendants from approximately June 27, 2015 to March 4, 2016. Declaration at ¶2.

  b. During the employment period, with the exception of two hours that were paid at $10.00 per hour, Plaintiff was paid $9.00 per hour for all hours worked, including hours over forty (40) in a single work week. *Id.* at ¶3.

  c. During the employment period, calculating all hours worked by Plaintiff in excess of forty (40) in a single work week, Plaintiff worked approximately 293.50 overtime hours for which he should have been paid one and one half times his regular rate of pay. *Id.* at ¶4.

    d. To calculate the amount of overtime back wages owed to Plaintiff, the 293.50 overtime hours was multiplied by Plaintiff's overtime premium, which is equal to $4.50 per hour, or, the $9.00 regular rate of pay divided by two. Thus, Plaintiff is entitled to $1,320.75 in unpaid overtime wages. *Id*.

    e. During the employment period, Plaintiff also worked approximately 20 hours off the clock, for which he is entitled the Florida state minimum wage of $8.05 per hour, and spent an additional $80.00 on uniform expenses. Therefore, Plaintiff is owed an additional $241.00, for a total of $1,561.75 in back wages. *Id.* at ¶5.

In support of the foregoing, Plaintiff respectfully directs this Court to the Plaintiff's Statement of Claim [D.E. 11], as well as Plaintiff's supporting documents sent to the Defendants on July 7, 2016 pursuant to Federal Rule of Civil Procedure 26(a)(1). [EX. B - Bates Numbers RP0001 to RP00024]. These documents are Plaintiff's paystubs from Defendant KISSI and they demonstrate *on their face* that Plaintiff worked more than 40 hours in a given week and was paid the same amount -- $9.00/hour – for time up to 40 hours per week and time in excess of 40 hours per week.

### *Liquidated Damages*

In addition to his unpaid wages, Plaintiff seeks an additional equal amount of liquidated damages as allowed under the FLSA. Section 216(b) of the FLSA provides for liquidated damages as follows:

> Any employer who violates the provisions of this title *shall* be liable to the employee or the employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional amount of liquidated damages.

29 U.S.C. § 216(b) (emphasis supplied).

**a)**     <u>**Controlling Law on Liquidated Damages**</u>

Liquidated damages are awarded to compensate an employee for the delay in receiving wages due to him under the FLSA. The United States Supreme Court has stated "the liquidated damages provision is not penal in its nature, but constitutes compensation for the retention of a workman's pay which might be too obscure and difficult of proof for estimate other than by liquidated damages." *Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697, 707, *rehearing denied*, 325 U.S. 893 (1945).

The FLSA makes the award of liquidated damages mandatory. *See Overnight Motor Transportation Co. v. Missel*, 316 U.S. 572, 581 (1942). The enactment of the Portal-to-Portal Act of 1947 granted courts the discretion of withholding "if the employer shows ... that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the [FLSA]." *Walton v. United Consumers Club, Inc.*, 786 F.2d 303, 308 (7th Cir. 1986). However, liquidated damages under the FLSA are still "mandatory absent a showing of good faith." *See Reyes v. Aqua Life Corp.*, 632 F. App'x 552, 555 (11th Cir. 2015) (citing *Joiner v. City of Macon,* 814 F.2d 1537, 1539 (11th Cir. 1987)), and *EEOC v. First Citizens Bank of Billings*, 758 F.2d 397, 403 (9th Cir.).

**b)**     <u>**Defendant Must Prove Good Faith**</u>

An employer bears the burden of proving the good faith defense, which contains both subjective and objective components.[1] *See Quarles v. Hamler*, 2016 WL 3209469 at *2 (11th Cir. June 10, 2016), and *Rodriguez v. Farm Stores Grocery, Inc.,* 518 F.3d 1259, 1272 (11th Cir.

---

[1] To satisfy the subjective good faith component, the employer must show that it had an honest intention of ascertaining what the FLSA required and to act in accordance with it. *First Citizens Bank*, 758 F.2d at 1072. The question of "honest intention" is an inquiry that is essentially factual. *Id*. On the other hand, determining the reasonableness of the employer's belief involves applying the proper interpretation of the FLSA and supporting regulations to uncontested facts – a legal determination. *Id*. The employer must, of course, prove both to avoid liquidated damages.

4

2008). "The district court's decision whether to award liquidated damages does not become discretionary until the employer carries its burden of proving good faith." *Joiner*, 814 F.2d at 1539 (11th Cir. 1987). If the employer fails to meet this burden, a court must award liquidated damages. *Reyes v. Aqua Life Corp.,* 632 F. App'x at 556 (11th Cir. 2015) ( district court abused its discretion in refusing to award liquidated damages where factual record could not support a finding that employer FLSA violations were made in good faith). Even if an employer proves that it acted in good faith, a court maintains the discretion to award liquidated damages for a violation of the FLSA. *See Quarles v. Hamler*, 2016 WL 3209469 at *2; *see also Peters v. City of Shreveport*, 818 F.2d 1148, 1167 (5th Cir. 1987).

While part of "good faith" test is subjective, it is not sufficient for a defendant to simply state that it intended to comply with the FLSA. To allow an employer to demonstrate good faith by the mere recitation of its supposed good intentions would render the test meaningless. Defendants must produce evidence that discloses facts of their attempts to ascertain the requirements of the FLSA and to act in accordance with it. *See Angelo v. United States*, 2003 WL 21525606 at *5 (Fed. Cl. June 27, 2003) (employer must take active steps to ascertain the dictates of the FLSA and then act to comply with them).

"Good faith" in this context requires more than ignorance of the prevailing law or uncertainty about its development. It requires that an employer first take active steps to "ascertain the dictates" of the FLSA and then move to comply with them. *Martin v. Cooper Elec. Supply Co.*, 940 F.2d 896, 908 (3d Cir. 1991); *see also, Williams v. Tri-County Growers, Inc.*, 747 F.2d 121, 129 (3rd Cir. 1984). That an employer did not purposefully violate the provisions of the FLSA is not sufficient to establish that it acted in good faith. *Cooper Elec.*, 940 F.2d at 909.

Based on the foregoing, Plaintiff is entitled $1,561.75 in liquidated damages because Defendants intentionally, willfully, purposefully, or with reckless disregard for their legal obligations violated the FLSA. Defendants' willfulness is demonstrated by their repeated failure to abide by the FLSA and its 40-hour overtime mandate, even after entering into a settlement agreement which was approved by the Court in 2015 in this District in a case involving the very same allegations that Plaintiff makes here. *See Yves Decembre v. King Intelligence and Services, Inc., et al,* Case No. 15-CV-80339-Rosenberg/Hopkins. [EX. C].

Defendants' willfulness is also evidenced by their recent settlement with the Department of Labor earlier this year, in which Defendant made overtime payments to approximately 52 employees for the same type of overtime violations alleged in this case [EX. D].

Additionally, because Defendants failed to take any action, including an attempt prove good faith by way of their default, Plaintiff is entitled to an award of liquidated damages.

### *Attorney's Fees*

Finally, Plaintiff has pled for and is entitled to an award of attorneys' fees and costs pursuant to the Fair Labor Standards Act. 29 U.S.C. § 216(b). *See also Christiansburg v. Garment Co. EEOC,* 434 U.S. 412, 415 n.5, 98 S. Ct. 694 (1978); *Dale v. Comcast Corp.,* 498 F.3d 1216, 1221 n.8 (11th Cir. 2007). Attached to this motion is the Declaration of David H. Lichter in Support of Costs and Attorney's Fees in this matter. [EX. E]. The determination of a reasonable fee is left to the sound discretion of the Court. *Norman v. Housing Auth. of City of Montgomery,* 836 F.2d 1292, 1301 (11th Cir. 1988) (*en banc).* The Court's decision regarding the appropriate hourly rate can be made by analyzing any affidavits counsel submits or the Court's expertise. *Avirgan v. Hull,* 705 F. Supp. 1544, 1549 (S.D. Fla. 1989) (King, C.J.).

With respect to costs, pursuant to 28 U.S.C. § 1920(1), fees of the clerk and marshal may

be taxed as costs. This includes service of process costs, especially since the Marshal's Service rarely serves process anymore. *See EEOC v. W&O, Inc.,* 213 F.3d 600, 623 (11th Cir. 2000) (private process server fees may be taxed under Section 1920). Here, Plaintiffs seek an award of $520 as taxable costs, which include the filing fee ($400) and service of process on the Defendants ($120). *See* Ex. 1 to Declaration of David Lichter.

## **MILITARY STATUS OF THE INDIVIDUAL DEFENDANTS**

Plaintiff attaches the Declaration of Kevin Pezua Verifying the Military Status of the Individual Defendants. [EX. F].

WHEREFORE, Plaintiff respectfully requests that this Court enter default judgment against Defendants King Intelligence and Security Services, Inc., Kaola King, and Larry Weems in the amount of $3,123.50 in damages, costs of $520 and reasonable attorney's fees in an amount to be determined by the Court.

Dated: August 30, 2016

Respectfully submitted,

/s/ David H. Lichter
David H. Lichter (FBN: 0359122)
dlichter@lichterlawfirm.com
LICHTER LAW FIRM
2999 NE 191st Street, Suite 330
Aventura, FL 33180
Tel: (305) 356-7555
Fax: (305) 356-7556
*Attorneys for Plaintiff*

Case No. 0:16-CV-61344-WJZ

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on August 30, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system. I also certify that the foregoing, along with the Court's Order and copies of Plaintiff's supporting documentation, are being furnished to the Defendants via U.S. Mail according to the service list below.

                                        Respectfully submitted,

                                        /s/ David H. Lichter

## **SERVICE LIST**

Via Email: kaola@kingintellsec.com
King Intelligence and Security Services, Inc.
c/o Kaola King
3801 Environ Boulevard, #312
Lauderhill, FL 33319

Via Email: kaola@kingintellsec.com
Kaola King
3801 Environ Boulevard, #312
Lauderhill, FL 33319

Via Email: larry@kingintellsec.com
Larry Weems
2880 W. Oakland Park Boulevard, Suite 211
Oakland Park, FL 33311