IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

FILED BY ✗ D.C.

SEP 0 1 2016

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.

ROBENSON PIERRE, on behalf of　　　　Case No.: 0:16-CV-61344-WJZ
Himself and all others similarly
Situated,
　　　　　　　Plaintiff,

vs.

KING INTELLIGENCE AND SECURITY
SERVICES, INC., A FLORIDA CORPORATION,
and KAOLA KING and
LARRY WEEMS, INDIVIDUALS,

　　　　　　　Defendants.
_____

### DEFENDANTS REPLY MOTION TO PLAINTIFF'S MOTION
### FOR FINAL JUDGEMENT BY DEFAULT

　　Comes Now, Defendants, King Intelligence and Security Services, Inc., A Florida Corporation, and Kaola King and Larry Weems, *pro-se*, who hereby Reply to the Plaintiff's Motion for Final Judgement by Default, who hereby Request this Honorable Court to "set aside the Default Judgement" in this Cause of action, and "ORDER DISIMISSAL OF THIS CIVIL COMPLAINT" against the Above Defendants. In support thereof, Defendants submits the followings facts.

[Pleading Title] - 1

On August 29, 2016, Kaola King (Defendant herein), spoke to Mr. Javier Beltran from the U.S. Department of Labor, who informed Ms. King that Pursuant to their final Investigation, they have determined Mr. Pierre was Owed a total back pay wages of $1200.00, and that Defendants need to send a additional $205.50 in assess to the $994.50 already sent to their office to cover the complete balance of $1200.00 owe to Mr. Pierre for back wages. Also on August 29, 2016, Defendants filed a Response Motion to this Honorable Court's Entering Default and at same time Defendants Replied to Plaintiff's Joint Motion for Approval of Settlement and for Dismissal of this Cause of Action.

**DEFENDANTS REQUEST THIS COURT TO SET ASIDE AND FOR DISMISSAL OF THIS CAUSE OF ACTION:**

Defendants asserts that it appears that Attorney Lichter is attempting to overcharge these defendants in excess than what was investigated and determine owed to Mr. Pierre, using **"Fraudulent"** information, as defendants asserts that it was determine after a thorough investigation by the Labor Department that Defendants only owe Mr. Pierre a total of $1200.00 in unpaid overtime compensation, not the amount calculated by Attorney Lichter of $1561.75 in back wages as alleged in this Motion.

Defendants asserts that Mr. Pierre was among the 52 employees who the U.S. Department of Labor determine was due additional one half time for overtime payment totaling $37,735.00, well before Attorney Licther was hired by Mr. Pierre. Whereas, Ms. King wrote checks out to the entire 52 employees.

Ms. King the Defendant herein, asserts that she was in compliance with the order of the U.S. Department of Labor, as she submitted checks to each and every Plaintiffs that was involve in this Complaint, as directed by the U.S. Department of Labor. (See attach Exhibit of WHD to Attorney's Plaintiff's Motion for final Judgement by Default Page 7 of 10). Also it Was determine by the U.S. Department of Labor that the majority of Ms. King employees interviewed by the labor department corroborated that they received the first uniform free and only paid for additional uniform at cost at their request and no violations were found by the Labor Department for uniform deductions.

**LIQUIDATED DAMAGES** Defendants asserts that in the investigation done by the U.S. Department of Labor, it was determine that this case "has no history of **willfulness** to warrant assessment of CMPs because this case was a first time investigation, although the employer did not pay all other, employees additional one half time for overtime, Ms. King acted in **"good faith"** and did her best to promptly correct the matter", and based on her good faith the U.S. Department of Labor held: **"Liquidated Damages were considered initially and the employer relied on the advice of her attorney in good faith which was a reasonable explanation for not assessing liquidate damages."** (See Page 8 of Of August 12, 2016, **U.S. Wages and Hour Division (WHD) Response letter attached to Attorney's Motion for final Judgement by Default).**

ACCORDINGLY, based on the investigation and findings of the U.S. Department of Labor, Plaintiff's is only entitled to $1200.00 in back owe wages with no liquidated damages.

**ATTORNEY'S FEES:**

Defendants asserts that this attorney is not entitled to an award of attorney fees and cost from Defendants pursuant to the "Fair Labor Standard Act 29 U.S.C. Section 216(b)," because this matter was investigated and facts proved well before this Attorney became involved in this matter. If any fees and cost are entitled by Attorney Lichter, it should be paid by his client Mr. Pierre. As this claim should have never been presented to the Court, which not only wasted this Honorable Court's precious and valuable time but also these defendants precious time.

**WHEREFORE,** Defendants respectfully requests that this Honorable Constitutional Court, in the interest of justice, enter an Order setting aside the Default Judgment against Defendants King Intelligence and Security Services Inc., Koala King and Larry Weems, and give and Order Dismissing the Complaint, and give an Order Constance with that of the U.S. Department of Labor, that is Defendants owes Mr. Pierre a total of $1200.00 in back wages as determine in their full investigation and that Mr. Pierre is responsible for his attorney fees and cost in this matter.

Dated this ___1___ day of September, 2016

Respectfully submitted:

By: _Koala King_  
Koala King, Pro-se  
King Intelligence and Security Service  
3801 Environ Blvd., #312  
Lauderhill, FL 33319

By: _Larry Weems_  
Larry Weems Pro-se  
2880 W. Oakland Park Blvd.  
Suite 211  
Oakland Park, FL 33311

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY, that on September __1__, 2016, a true and correct copy of the foregoing Motion was mailed by first class prepaid postage mail and sent to:

> David H. Lichter, Esq.
> Lichter Law Firm
> 2999 NE 191st Street, Suite 330
> Aventura, FL 33180

By: /s/ *Koala King*
Koala King, Pro-se