UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-61344-CIV-ZLOCH

ROBENSON PIERRE,

    Plaintiff,

vs.                        **O R D E R**

KING INTELLIGENCE SECURITY
SERVICES, INC., KAOLA KING, and
LARRY WEEMS,

    Defendants.
_____/

THIS MATTER is before the Court upon Defendants' Response To Court's Default (DE 13), which the Court construes as a Motion To Set Aside Default. The Court has carefully reviewed said Motion, the entire court file and is otherwise fully advised in the premises.

The Court notes that the above-styled cause commenced with the filing of a Complaint by Plaintiff Robenson Pierre (hereinafter "Plaintiff"). See DE 1. Said Complaint (DE 1) and Summons were served on Defendants King Intelligence Security Services, Inc., Kaola King, and Larry Weems (hereinafter "Defendants") and a Affidavits of Service (DE Nos. 8, 9, & 10) were filed with the Court. Defendants failed to timely respond to Plaintiff's Complaint and the Court entered Default (DE 12). Thereafter, Defendants filed the instant Motion, which Plaintiff opposes.

The Court notes that defaults are disfavored in federal court because of the strong policy of determining cases on their merits. In re Worldwide Web Sys., Inc., 328 F.3d 1291, 1295 (11th Cir. 2003); Fla. Physicians Ins. Co., Inc. v. Ehlers, 8 F.3d 780, 783 (11th Cir. 1993). The Court may set aside a judgment of default pursuant to Federal Rule of Civil Procedure 55(c) or 60(b). See Fed. R. Civ. P. 55(c) (stating that "The court may set aside an

entry of default for good cause, and it may set aside a final default judgment under Rule 60(b)"). In the above-styled cause, only the Court's Default (DE 12) has been entered and no Final Default Judgment has been entered, therefore, only Rule 55(c) applies. See Jones v. Harrell, 858 F.2d 667, 669 (11th Cir. 1988). This distinction is notable in that the "excusable neglect" requirement of Rule 60(b) is more "rigorous" than the "good cause" standard required by Rule 55(c). See E.E.O.C. v. Mike Smith Pontiac GMC, Inc., 896 F.2d 524, 528 (11th Cir. 1990) (citing Jones, 858 F.2d at 669).

The Eleventh Circuit has held that "good cause" is "not susceptible to a precise formula" and that courts may consider "whether the default was culpable or willful, whether setting it aside would prejudice the adversary, and whether the defaulting party presents a meritorious defense" but that these factors are not "talismanic." Compania Interamericana v. Compania Dominicana, 88 F.3d 948, 951 (11th Cir. 1996) (citations omitted). Additional factors include "whether the public interest was implicated, whether there was significant financial loss to the defaulting party, and whether the defaulting party acted promptly to correct the default." Id. "However, if a party willfully defaults by displaying either an intentional or reckless disregard for the judicial proceedings, the court need make no other findings in denying relief." Id. at 951-52 (citation omitted).

In the instant Motion (DE 13), Defendants proffer that they intend to defend against Plaintiff's Complaint (DE 1) and discuss some settlement discussions in which the Parties have participated. Moreover, as stated above, public policy disfavors defaults. See In re Worldwide Web Sys., Inc., 328 F.3d at 1295; Fla. Physicians Ins. Co., Inc., 8 F.3d at 783.

2

But, in granting the instant Motion (DE 13), the Court offers this caution to Defendants: it is a well-settled principle of law that a corporation cannot appear pro se and must be represented by counsel. Palazzo v. Gulf Oil Corp., 764 F.2d 1381, 1385 (11th Cir. 1985). Defendant King Intelligence and Security Services, Inc., is a corporation, and thus, cannot appear pro se, as can the two individual Defendants who seek leave to defend the above-styled cause. Thus, the Court cautions the corporate Defendant that failure to abide by the terms of this Order will result in the Court striking any answer which Defendant King Intelligence and Security Services, Inc., attempts to file on its own behalf and any other pleadings which it seeks to file, with respect to the corporate Defendant.

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** as follows:

1. Defendants' Response To Court's Default (DE 13), which the Court construes as a Motion To Set Aside Default be and the same is hereby **GRANTED**;

2. The Default (DE 12) entered by the Court be and the same is hereby **VACATED**, set aside, and of no further force or effect;

3. Defendants King Intelligence Security Services, Inc., Kaola King, and Larry Weems shall have until on or before noon on Friday, March 31, 2017, to retain legal representation, and to have Notices of Appearance filed by the same;

4. Upon the failure of Defendants Kaola King and Larry Weems to abide by the terms and conditions of this Order by securing legal representation, they shall represent themselves pro se; and

5. Upon the failure of King Intelligence Security Services, Inc., to abide by the terms and conditions of this Order, the Court

3

shall strike any Answer as to King Intelligence Security Services, Inc., and enter a Default against it without further notice or hearing.

6. By <u>noon</u> on <u>Friday, March 30, 2017</u>, Defendants be and the same are hereby **DIRECTED** to file an Answer or Answers.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this ___15th___ day of March, 2017.

_____
WILLIAM J. ZLOCH
Sr. United States District Judge

Copies furnished:

All Counsel of Record

King Intelligence and Security Services, Inc.
c/o Kaola King
3801 Environ Blvd.
#312
Lauderhill, FL 33319

Kaola King
3801 Environ Blvd
#312
Lauderhill, FL 33319

Larry Weems
2880 W. Oakland Park Blvd.
Suite 211
Oakland Park, FL 33311